# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LEODIS RANDLE**                                                                 **PLAINTIFF**

v.                            Case No. 4:19-cv-00838-KGB

**CODY HILAND,** *et al.*                                                          **DEFENDANTS**

## ORDER

Plaintiff Leodis Randle, who at the time he filed this action was incarcerated at the Pulaski County Detention Center but has since been released, filed his *pro se* complaint on November 25, 2019 (Dkt. No. 1). Mr. Randle did not pay the $400.00 filing fee[1] or file an application to proceed *in forma pauperis* at the time he filed his complaint.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). While the Court of Appeals for the Eighth Circuit has not addressed the issue, courts in other circuits have held that the three-strikes rule applies to lawsuits filed by a prisoner, even if he is later released. *See Gibson v. City of New York*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be "a prisoner". . . is "the moment the plaintiff files his complaint.""); *Torns v. Miss. Dept. Corrs.*, 421 Fed. Appx. 316 (5th Cir. 2010) (plaintiff's release "did not entitle him to proceed IFP on an action that he had brought while he was a prisoner subject to the three-

---

[1] Effective May 1, 2013, and at the time Mr. Randle filed this complaint, the cost for filing a new civil case was $400.00 which included a $50.00 administrative fee that did not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

strikes bar."); *Johnson v. Allegheny*, 669 Fed. Appx. 74, 75 n.1 (3d Cir. 2011) (PLRA applies notwithstanding post-suit release); *Harrison v. State*, Case No. 14-0811-BAJ-RLB, 2015 WL 6675570 (M.D. La. Oct. 30, 2015).

Prior to filing this lawsuit on February 12, 2019, Mr. Randle filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Randle v. Peters, et al.,* 4:14-CV-280-BRW; *Randle v. Baker, et al.*, 4:14-CV-357-JLH; *Randle v. Arkansas, et al.,* 4:17-CV-291-BSM. Nevertheless, Mr. Randle may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Mr. Randle sued Cody Hiland, Kristin Bryant, and the United States (Dkt. No. 1). Mr. Randle was indicted at the time on federal charges (*Id.*). He claims he was indicted based on false information and seeks to hold the defendants liable for the monetary losses allegedly resulting from his criminal charges (*Id.*). Based on the allegations in Mr. Randle's complaint, he was not in imminent danger at the time he filed his complaint. Mr. Randle asserts that he is in imminent danger because "he was attacked by several guards at [the] Pulaski County Detention Center . . . and that he was beat, and also sexual[ly] harassed . . . ." (*Id*. at 5). Mr. Randle's allegations of past harm are not sufficient to establish imminent danger at the time he filed his complaint, and his claims in this case are not related to the danger he alleges that he is in. Accordingly, the imminent danger exception does not apply. *Dilworth,* 147 F.3d at 717. This case will be dismissed due to

Randle's failure to pay the filing fee. Randle will have 30 days to reopen this case by paying the $400.00 filing fee in full.

It is therefore ordered that:

1. Mr. Randle's complaint is dismissed without prejudice.

2. Mr. Randle has 30 days from the date of this Order in which to reopen this case by paying the $400.00 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 28th day of June, 2021.

_____
Kristine G. Baker
United States District Judge